# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. )
) Case ID No.: 1602004456A
JONATHAN JOHNSON, )
)
    Defendant. )

## ORDER

Submitted: August 12, 2024
Decided: November 12, 2024

**AND NOW TO WIT**, this 12th day of November 2024, upon various and multiple filings, this Court *again* considers Defendant's "Motion for De Novo Review," to set aside his postconviction orders,[1] an "Addendum to Motion/Petition to Correct Illegal Sentence,"[2] and a "Writ of Certiorari and Petition for Evidentiary Hearing."[3]

1.    Defendant asks the Court to correct his sentence as illegal, be allowed an opportunity to read his presentence report, have the Court conduct an evidentiary hearing and vacate his sentence.[4] His unsuccessful and relentless refrain continues to drain this Court's resources.

---

[1] D.I. 199. References the docket items in this Court's Criminal Case ID 1602004456A.

[2] D.I. 201.

[3] D.I. 202.

[4] See *generally* D.I. 199, 201, and 202.

1

## Defendant's Prior Filings[5]

2. In October of 2018, Defendant filed his first Motion for Postconviction Relief under Superior Court Criminal Rule 61.[6] The Court denied that motion.[7] He sought reconsideration,[8] which this Court dismissed as untimely.[9] He filed a motion for postconviction discovery,[10] which was also denied.[11]

3. In the span of three months in late 2019 and early 2020, he filed a Petition for Writ of Mandamus,[12] a Petition for an Evidentiary Hearing,[13] and a Motion to Stay the consideration of his Rule 61 Motion.[14] Thos requests were also denied.[15] During the pendency of that Rule 61 Motion, Defendant also filed a Petition for Writ of Mandamus with the Delaware Supreme Court, also denied.[16]

---

[5] Defendant files incessantly and unsuccessfully. The recitation of the procedural history is a selection only of the relevant court filings to contextualize Defendant's latest submissions and does not include all filings to date.

[6] D.I. 44.

[7] D.I. 109 (Corrected Order).

[8] D.I. 111.

[9] D.I. 116.

[10] D.I. 70.

[11] D.I. 72.

[12] D.I. 75.

[13] D.I. 78.

[14] D.I. 81.

[15] D.I. 94.

[16] See Matter of Johnson, 228 A.3d 139, 2020 WL 1881069 (Del. 2020) (TABLE).

4. This Court denied Defendant's Rule 61 Motion in April 2021.[17] His appeal to the Delaware Supreme Court was also unsuccessful.[18]

5. Undeterred, in July 2021, Defendant requested "a scheduled special appearance and/or phone/video conference" with the Court to vacate his sentence and the payment of $10 million.[19] This was denied.[20]

6. In February 2022, Defendant filed another Rule 61 Motion[21] and a Motion for Appointment of Counsel.[22] The claims were barred under Rule 61 and this Court summarily dismissed them.[23] The Delaware Supreme Court affirmed on August 25, 2022.[24]

7. Within three months in 2022, Defendant filed over twenty requests, to have this Court vacate his sentence, set aside his plea agreement, hold a suppression hearing, grant default judgment against the State, and order the State to pay him $1,830,000.00.[25]

---

[17] *State v. Johnson*, 2021 WL 1407362, at *3 (Del. Super. April 13, 2021).

[18] *Johnson v. State*, 267 A.3d 370, 370 (Del. 2021).

[19] D.I. 119.

[20] D.I. 121.

[21] D.I. 131.

[22] D.I. 132.

[23] D.I. 134.

[24] *Johnson v. State*, 284 A.3d 77 (Del. 2022) (TABLE).

[25] On August 31, 2022, Defendant filed a Motion to File out of Time: (1) Motion for Reargument of Suppress Denial, (2) Direct Appeal of Suppress Denial, (3) Motion of Withdrawal of Plea, (4) Motion for Reargument of Conviction and Sentence, and (5) Direct Appeal of Conviction and Sentence. D.I. 141. On September 8, 2022, Defendant filed a Motion for Correction of Illegal

8.     Two years ago, in November of 2022, this Court again determined Defendant's motions were procedurally barred,[26] requesting the Supreme Court consider enjoining Defendant from future filings without leave of the Court.[27] In December of 2022, Defendant filed again, rehashing previously raised demands.[28]

9.     On January 5, 2023, the Supreme Court warned Defendant against non-meritorious future filings after it dismissed his petition for the issuance of a writ of mandamus and granted the State's Motion to Dismiss.[29] The Supreme Court further affirmed this Court's November 2022 Order.[30]

10.     In March 2024, the Supreme Court reiterated prior warnings to

---

Sentence. D.I. 153. On September 20, 2022, Defendant filed (1) Supplemental Demand Relief to Motions to File Out of Time, (2) Supplemental Demand Relief to Motion for Correction of Illegal sentence, (3) Motion for Withdrawal Plea, (4) Motion to File Out of Time to File a Motion to Suppress, and (5) Motion to Suppress. D.I. 143. On September 29, 2022, Defendant filed "summonses" to his attorneys, a Deputy Attorney General, and the State for two separate cases. D.I. 155–59. On October 4, 2022, Defendant filed a Motion for Correction of Illegal Sentence, same as D.I. 153 that was filed on September 8, 2022. D.I. 154. On October 13, 2022, Defendant filed a Notice of Writ of Declaratory Judgment. On October 27, 2022, Defendant filed a Notice of Fault and Opportunity to Cure Motion for Correction of Illegal Sentence, Withdrawal Plea, and a Motion to File Out of Time and Summons by November 1, 2022. D.I. 161. On November 7, 2022, Defendant filed a Default Judgment. D.I. 162. On November 10, 2022, Defendant filed Affidavit of the Amount Due $1,830,000.00. D.I. 163.

[26] D.I. 164.

[27] *Id.*

[28] D.I. 171 at 4. Defendant seeks an in-person or video "meeting of the minds," and to have this Court again vacate his sentence, withdraw his plea, release him on bond, hold a suppression hearing, and provide stand-by counsel. *Id.*

[29] *Matter of Johnson*, 289 A.3d 630, 630 (Del. 2023) ("In the last three years, Johnson has filed three appeals and two writ petitions relating to his convictions in this Court. We warn Johnson that if he continues to file appeals or writs making repetitive claims, he could be enjoined from filing future appeals or writs without leave of the Court.").

[30] *Johnson v. State*, 294 A.3d 1080 (Del. 2023).

4

Defendant that future filings may be rejected after dismissing yet another appeal.[31]

11.     Defendant's most recent filings included a "Certification of Question of Law" and "Motion to Compel,"[32] and several Motions under Superior Court Civil Court Rule 60(b) to "Set Aside Judgment Order(s)."[33] Those requests were denied.[34]

12.     On August 12, 2024, the Supreme Court granted the State's Motion to Affirm the judgment of this Court.[35] It concluded Defendant's untimely repetitive filings constituted an abuse of the judicial process.[36] It directed the Clerk of Court to refuse future filings unless accompanied by a required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the requirements of certification under 10 *Del. C.* § 8803(e).[37]

13.     Defendant's recent filings to set aside his postconviction orders, to correct an illegal sentence, for *certiorari* review and for an evidentiary hearing are more of the same. They are difficult to decipher, wholly without merit, and moot considering the Supreme Court's dismissal of his numerous appeals.

---

[31] *Johnson v. State,* 314 A.3d 1077 (Del. 2024) (TABLE).

[32] D.I. 189 and 190.

[33] D.I. 183, 184, 191 and 193.

[34] D.I. 196.

[35] *Johnson v. State,* 2024 WL 3518357 (Del. July 23, 2024); Mandate filed in this Court on August 12, 2024; D.I. 206.

[36] *Johnson,* 2024 WL 3518357, at *1.

[37] *Id.*

5

14. Defendant continues to abuse the judicial process.

**WHEREFORE IT IS HEREBY ORDERED THAT** Defendant's Motions are **DENIED.**

**IT IS HEREBY FURTHER ORDERED THAT** the Prothonotary is directed to refuse future filings unless accompanied by the requested filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit that it meets the certification requirements pursuant to 10 *Del. C.* § 8803(e).[38]

Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
       Allison Abessinio, Esquire
       Investigative Services Office

---

[38] 10 *Del. C.* § 8803(e) provides in relevant part:

> When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:
>
> (1) The claims sought to be litigated have never been raised or disposed of before in any court;
>
> (2) The facts alleged are true and correct;
>
> (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
>
> (4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
>
> (5) The affiant understands that the affidavit is made under penalty of perjury.

6